**Barney J. BAKER, Appellant,**

v.

**STATE OF ARKANSAS, Appellee.**

No. 74–1665.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1974.

Decided Nov. 19, 1974.

Barney J. Baker, pro se.

James Guy Tucker, Atty. Gen., and Jack T. Lassiter, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY and HEANEY, Circuit Judges, and TALBOT SMITH, Senior District Judge.[*]

PER CURIAM.

Petitioner Baker, an Arkansas prisoner, appeals the dismissal of his habeas corpus petition [1] in which he challenges Rule 8(d) of the Rules of the Supreme Court of Arkansas. That rule provides:

> Pro Se Briefs will be accepted only in those criminal appeals in which the appellant has knowingly and intelligently refused the services of an attorney on appeal. Such a brief shall be accompanied by an affidavit that the appellant has prepared it without the assistance of any other prison inmate.

Petitioner alleges he wishes to proceed pro se in an appeal from the denial of post-conviction relief in the Arkansas state courts. He asserts, however, that the Supreme Court of Arkansas, in conformity with Rule 8(d), will not allow him to proceed pro se beyond the filing stage unless he is willing to submit an affidavit stating that he has prepared his brief without the assistance of any other prison inmate. If the affidavit is not filed, the Supreme Court requires the appointment of counsel. Petitioner challenges this as a violation of Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), and an infringement upon his constitutional right of

---

[*] TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The petitioner alleges the district court erred in treating his petition under 42 U.S.C. § 1983. Since the claim itself does not relate to unlawful custody, it would appear that the claim could be viewed by the court under either § 1983 or 28 U.S.C. § 2254. See Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971).

reasonable access to the courts. We disagree and affirm the district court's refusal to grant relief.

Johnson v. Avery, *supra,* set aside a rule which prohibited inmates within the Tennessee State Penitentiary from advising or aiding one another in pre.paring writs and other legal matters. The Supreme Court held that this would deny access to the courts in some cases and that the state could not abridge or impair a prisoner's right to apply to a federal court for a writ of habeas corpus. In so holding the Court emphasized that Tennessee did not provide available alternatives to the assistance then provided by other inmates. 393 U. S. at 488, 89 S.Ct. 747.

The Arkansas rule does not fall within the prohibition of the *Avery* case for at least two cogent reasons. First, a prisoner is not denied the right to petition a court, pro se, with the assistance of another inmate. The Supreme Court's rule relates only to filing legal briefs on appeal. Second, the rule recognizes an alternative for legal assistance afforded by other inmates, *i. e.,* the appointment of counsel *in every case.* The rule is clearly not intended to restrict an individual's access to the court. Quite the contrary, it has a two-fold salutary purpose: (a) the provision of free trained legal assistance to an indigent prisoner, and (b) assistance to the court through elimination of the necessity of sifting through an "unskillful" writ writer's brief. Furthermore, after appointed counsel has filed his brief, the petitioner "may supplement it in any part for consideration on appeal." [2]

It would appear , that the State Supreme Court has promulgated a rule designed to aid the petitioner, not to hinder a prisoner in the exercise of his right to petition the courts. The unskilled eye of the inmate "writ writer," who is not trained in the science of the law, evidently views the rule as a challenge to

the status he has achieved by virtue of his ability to render some assistance to other inmates. Johnson v. Avery was not intended to protect that status, however. The greater interest to be served is the recognition of some form of legal assistance to the inmate. The Arkansas rule is obviously intended to assure that confined individuals will be given every opportunity to assert those legal rights which may affect their very liberty, and that they will have the guiding hand of competent legal assistance in their efforts. It is difficult to say that the rule is constitutionally impermissible.

Judgment affirmed.

---

2. This fact was made known to petitioner in a letter from the office of the Clerk of the Supreme Court of Arkansas. We assume that it states a general concomitant of Rule 8(d).