RICHARD LEE OWEN *v.* STATE OF INDIANA.

[No. PS 397. Filed November 2, 1978. Rhearing denied March 13, 1979.]

514

*Richard Lee Owen, II,* Pro Se.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant was convicted, on October 15, 1976 in the St. Joseph Circuit Court, of the crime of commission of a felony while armed with a dangerous or deadly weapon. He was sentenced to a determinate term of twenty-seven years imprisonment. The crime in question is the shooting of South Bend Police Officer Maurice Woods during a routine investigatory stop of appellant's automobile. Woods was shot three times in the arm, chest, and back, and then played dead while his assailant wrapped him in barbed wire.

Appellant, who represented himself at trial, continues to proceed pro se at the appellate level. He has authored and signed his appellate brief and reply brief, which are presently before this court. While the right to appear pro se at the trial level is guaranteed by the Sixth Amendment of the United States Constitution and the case of *Faretta* v. *California*, (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, there is disagreement about whether the federal self-representation right extends to appeals. *Compare In re Walker*, (1976) 56 Cal. App.3d 225, 128 Cal. Rptr. 291, *and Callahan* v. *State*, (1976) 30 Md. App. 628, 354 A.2d 191, *with People* v. *Stevens*, (1976) 71 Mich. App. 33, 246 N.W.2d 429, *and Webb* v. *Texas*, (Tex. Crim. App. 1976) 533 S.W.2d 780. *See also Faretta, supra*, 422 U.S. at 816, 95 S.Ct. at 2531, 45 L.Ed.2d at 371, *citing Price* v. *Johnston*, (1948) 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356. However this may be, self-representation has traditionally been allowed in this state at both the trial level, *see Placenia* v. *State*, (1971) 256 Ind. 314, 268 N.E.2d 314, *and Todd* v. *State*, (1948) 226 Ind. 496, 81 N.E.2d 530, 81 N.E.2d 784, and at the appellate level, *see, e.g., Fender* v. *Lash*, (1973) 261 Ind. 373, 304 N.E.2d 209, *and State ex rel. Sanders* v. *Reeves*, (1950) 228 Ind. 293, 91 N.E.2d 912.

While we have customarily heard pro se appeals, there are many reasons why we exercise great discretion in doing so. Most importantly, a decision to proceed pro se at any level is a waiver of the right to counsel, and the record must demonstrate a "knowing and intelligent" waiver of such right. *Faretta, supra*, 422 U.S. at 835, 95 S.Ct. at 2451, 45 L.Ed.2d at 581; *German* v. *State*, (1978) 268 Ind. 67, 373 N.E.2d 880, 882-83; *Wallace* v. *State*, (1977) Ind. App., 361 N.E.2d 159, *trans. denied*, (1977) 267 Ind. 43, 366 N.E.2d 1176. The record in this case convinces us, at many points, that counsel was waived knowingly and intelligently both for trial and appeal. We have further discretion to inquire whether the pro se appeal before us is appellant's

own work, prepared without the assistance of other prison inmates. *Cf. Baker* v. *Arkansas,* (8th Cir. 1974) 505 F.2d 750. It is well settled that there is no constitutional right to lay assistance or lay counsel at either trial or appeal, under either the Sixth Amendment or *Faretta's* concept of the defendant's "personal autonomy." *See generally United States* v. *Whitesel,* (6th Cir. 1977) 543 F.2d 1176; *United States* v. *Taylor,* (7th Cir. 1978) 569 F.2d 448, *cert. denied,* (1978) 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803; *United States* v. *Kelley,* (9th Cir. 1976) 539 F.2d 1199, *cert. denied,* (1976) 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332; *Turner* v. *American Bar Ass'n,* (N.D. Tex. 1975) 407 F.Supp. 451. We are satisfied that the present appeal is truly appellant's work, in light of comparison of it to the motions and arguments he made at trial. Finally, we have complete discretion to regulate attempts at pro se oral argument on appeal. *See Price* v. *Johnston, supra; Gilday* v. *Commonwealth,* (1977) 77 Mass. Adv. Sh. 2369, 369 N.E.2d 716. Such an argument has been requested by appellant in this case, which we hereby deny without further comment.

While we have chosen to review the present appeal, we note that the pro se appellant proceeds at the same risk as any other party before this court. As stated in *State ex rel. Sanders* v. *Reeves, supra,* 228 Ind. at 294-5, 91 N.E.2d at 912:

"The office of Public Defender was created for the benefit of those wrongfully imprisoned, as well as to aid the courts in administering justice, but when a prisoner elects to represent himself, there is no reason for this court to indulge any benevolent presumption in his behalf, or waive any rule for the orderly and proper conduct of litigation and appeals."

*See also State ex rel. Ross* v. *Lake Criminal Court,* (1965) 246 Ind. 603, 209 N.E.2d 30. Thus, the same standards for drafting of motions to correct errors and appellate briefs apply to pro se appellants as they do to others, and errors are waived if such rules are not complied with. *See generally*

*Guardiola* v. *State*, (1978) 268 Ind. 404, 375 N.E.2d 1105. We cannot become advocates for the appellant, and we will not review arguments that are poorly developed, wholly undeveloped, or improperly expressed. *See State v. Harrison*, (Mo. App. 1976) 539 S.W.2d 119. Also, it is no excuse for a poor pro se presentation on review that it was done on reliance on non-lawyers, such as appellant's fellow inmates in the prison writ room. *See Commonwealth* v. *Shaffer*, (1977) 475 Pa. 256, 380 A.2d 341. With these considerations understood, we proceed to review the present pro se appeal.

Appellant argues twenty-one specified errors in his pro se briefs before this court, some of which contain multiple allegations of error. Many of these allegations are specious, redundant, waived, or based on citation of irrelevant authority. Also, much of what is asserted here is couched in poor grammar, to a point approaching an incoherence which makes meaningful review of this trial difficult. Undoubtedly, this state of presentation results to a great extent from appellant's lack of legal training. However, as stated above, we have chosen to review this trial as it is presently presented, and to the extent possible.

The errors argued on this appeal, and our response to them, are as follows:

Appellant argues that he was charged in an information with commission of a felony while armed with a dangerous or deadly weapon, and with assault and battery with intent to kill. The essence of the argument seems to be that one of these counts should have been dismissed, since they both referred to the same shooting and were therefore multiplicious. There is no merit to this argument, since this type of information is proper under Ind. Code § 35-3.1-1-9 (2) (Burns Supp. 1978), and has been approved by this court on prior occasions. *Vaughn* v. *State*, (1978) 269 Ind. 142, 378 N.E.2d 859, 863; *Carter* v. *State*, (1977) 266 Ind. 140, 361 N.E.2d 145, 149.

Appellant argues that evidence seized from his hotel room should have been suppressed. He argues that he did not consent to this search, and that he was not advised of his Fourth Amendment rights. The evidence is conflicting on the question of consent; two police officers testified that appellant told them, after he was booked, to go to his hotel room and obtain his personal belongings. Appellant, purportedly, then grinned and added that if they found anything other than his clothing and shaving gear that he did not know anything about it. This court on appeal cannot reweigh conflicting evidence upon which a trial court based its finding on a motion to suppress. *Lane* v. *State*, (1977) 266 Ind. 485, 364 N.E.2d 756, 759. Insofar as appellant claims that advisement of Fourth Amendment rights prior to a consent search is constitutionally necessary, this argument has no merit. *Schneckloth* v. *Bustamonte*, (1973) 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854. In any event, appellant waived any error here because of failure to object to the admission of these seized exhibits at the time of their admission at trial. *Stowers* v. *State*, (1977) 266 Ind. 403, 363 N.E.2d 978, 984.

Appellant next argues that there was a tainted pre-trial videotape line-up identification procedure. Appellant at trial merely argued in conclusory fashion that the procedure was "tainted." No evidence was presented to support any reason for suppression of the testimony of the identifying witnesses. He also argues that this procedure was done in the absence of counsel. However, appellant at that time was vehemently insisting on representing himself. The errors alleged here are thus wholly specious.

Appellant argues that he was denied discovery of police personnel files relating to the victim, Maurice Woods. Appellant admits that he did now know what was in such files, but merely asserts that they might have helped him and substantiated his version of events.

We have recently dealt with an identical argument and found it to be without merit. *Vaughn* v. *State*, (1978) 269 Ind. 142, 378 N.E.2d 859, 864.

Appellant next challenges the trial court's denial of appellant's motion to obtain an informant's name. The person referred to by appellant did nothing more than to supply the police with a photograph of appellant. This person was thus not an "informant" within the meaning of any authority cited to this court by appellant, and we perceive no harm accruing to appellant through the admission of this photograph at trial. In any event, appellant failed to object when the photograph was admitted into evidence at trial. Without such objection, the state was not required to disclose the source of the photograph. *Hewitt* v. *State*, (1973) 261 Ind. 71, 78, 300 N.E.2d 94, 98.

Appellant next argues that photographs shown to the victim, Maurice Woods, were not turned over to him pursuant to his discovery request. No record was kept of which photographs were shown to the victim by the police in the identification procedures early in the investigation of this case, because no positive identification resulted from the display. There was thus nothing in the possession of the state which could have been turned over to appellant, and the failure to turn over these photographs was not a violation of due process. *Antrobus* v. *State*, (1970) 253 Ind. 420, 427, 254 N.E.2d 873, 877.

Appellant argues that the trial court erroneously denied his motion for a preliminary hearing. There is no merit to this argument as a premise to reversal of a conviction. *Frisbie* v. *Collins*, (1952) 342 U.S. 919, 72 S.Ct. 509, 96 L.Ed. 541; *Sisk* v. *State*, (1953) 232 Ind. 214, 110 N.E.2d 627.

Appellant next argues that it was error to have all prospective jurors in the courtroom during selection of the jury. He

argues that some of the jury was exposed to prejudicial publicity, but does not show which jurors were so exposed, what the prejudicial publicity in question was, or how other potential jurors were harmed. There is thus no merit in this argument. *Vaughn* v. *State,* (1978) 269 Ind. 142, 378 N.E.2d 859, 865.

The denial of a Motion for Mistrial, on the ground of alleged jury misconduct, is next challenged by appellant. This refers to the fact that it came to the court's attention, during trial, that one juror had once been asked by a policeman for a date, and that another juror was on federal probation. These jurors were replaced by alternate jurors. Appellant has thus not shown, nor do we perceive, how he was harmed by denial of this Motion for Mistrial.

Appellant argues that the trial court erroneously denied his Motion to Sequester the jury. It is not demonstrated that jurors were exposed to any prejudicial publicity during trial. Moreover, they denied that they were so exposed during daily voir dire. There is thus no error presented on this issue. *See Vaughn* v. *State,* (1978) 269 Ind. 142, 378 N.E.2d 859, 865.

Appellant next argues that the trial court erroneously denied him a daily transcript of the trial proceedings. There is no merit to this argument since no one is entitled to a daily transcript under any statute, court rule, or legal principle.

Appellant next challenges the admission into evidence of a total of eighteen state's exhibits. We have reviewed all of these exhibits, and appellant's chain of custody and relevancy objections thereto, and find the appellant's arguments specious. The state established sufficient chain of custody, and relevancy of these exhibits to the crime in question, to support their admission at trial.

Appellant next asserts that certain testimony of South Bend Police Officer William Jasper was erroneously excluded.

Appellant at trial asked this officer to repeat what an "informer" had told him. It was established at trial that this testimony was inadmissible "double hearsay" because the informant had no firsthand knowledge. There is thus no error here.

It is next asserted that appellant was erroneously denied permission to re-open his case after the defense had rested at trial.

Appellant, first of all, wanted to present a witness who was an attorney. This attorney supposedly would have testified about what one of his deceased clients had told him. This would have been inadmissible hearsay. Secondly, appellant wanted to present a witness who was living in Tennessee at the time of appellant's motion. The testimony which would have been brought out through this unavailable witness would have been, under the best of appellant's representations here, merely cumulative. The allowance of a party to re-open his case, after it has been rested, is a question of abuse of discretion. *Maxey* v. *State,* (1969) 251 Ind. 645, 244 N.E.2d 650. No such abuse is demonstrated here, and no error is presented on this issue.

Appellant contends that assault and battery with intent to kill is a lesser-included offense of commission of a felony while armed, and that the jury should thus have been instructed on such lesser-included crime. Assuming, arguendo, that appellant is correct that assault and battery with intent to kill is a lesser-included offense of commission of a felony while armed, there was no harm to appellant in the present instance. As mentioned earlier, appellant was charged with assault and battery with intent to kill. The jury was adequately instructed on this offense, though as a separate offense from commission of a felony while armed and not as a lesser-included offense. Since the jury then convicted of the greater offense, there is no reversible error. *Webb* v. *State,* (1972) 259 and 101, 103, 284 N.E.2d 812, 813.

It is asserted that appellant's Motion for Mistrial should have been granted, based on alleged juror misconduct during deliberations. While it was shown that a juror received a threatening phone call during trial, the trial judge talked to this juror and ruled, based on her statements to him, that she could still be impartial and fair-minded. It was not established that this juror ever informed the other jurors of this threat, although appellant attempted to prove such misconduct in a manner prohibited by *Wilson* v. *State,* (1970) 253 Ind. 585, 255 N.E.2d 817. It is not shown that the trial court abused its discretion in this instance, and there is no error presented here.

Appellant argues that the verdict was contrary to law because there was no finding as to his age, as an essential element of the crime. This issue was not asserted at trial in a motion to dismiss as required by *McGowan* v. *State,* (1977) 267 Ind. 16, 366 N.E.2d 1164. There is thus no error here.

Appellant next argues that the evidence was insufficient to prove his guilt of this crime, as an "attempt" to commit a felony while armed was not proven. The evidence previously cited in the introduction to this opinion is sufficient to support a finding of an attempted murder. *See Williams* v. *State,* (1973) 261 Ind. 385, 391, 304 N.E.2d 311, 315.

Appellant argues that the verdict of the jury is inconsistent as a matter of law, because he was found not guilty of assault and battery with intent to kill, but was found guilty of commission of a felony while armed. There is no merit to such an argument. *Webb* v. *State,* (1972) 259 Ind. 101, 103, 284 N.E.2d 812, 813.

It is next argued that this court should reverse its decision in *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229,

entitled to the use of a pre-sentence report. We decline to do so.

Appellant finally argues that his sentence of twenty-seven years imprisonment is unconstitutionally excessive for the crime of commission of a felony while armed. He argues that this sentence exceeds the sentence for second-degree murder. Appellant is incorrect as Ind. Code § 35-1-54-1 (Burns 1975), provides that the penalty for second-degree murder is either fifteen to twenty-five years or life imprisonment.

The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Prentice, JJ., concur; Hunter, J., concurs in result.

NOTE.—Reported at 381 N.E.2d 1235.