No. 80–1659. DUCKWORTH, WARDEN *v.* OWEN. C. A. 7th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

JUSTICE REHNQUIST, with whom THE CHIEF JUSTICE joins, dissenting.

The question presented in this habeas corpus case is whether the Court of Appeals for the Seventh Circuit correctly held that respondent's challenges to his conviction should be governed by the Federal Rules of Evidence rather than state criminal law. Because I believe that the Court of Appeals has confused the applicability of the Federal Rules of Evi-

---

dence with the permissible limits of its inquiry in a federal habeas proceeding, I dissent from the denial of the petition for certiorari.

During the course of respondent's criminal trial, one of the jurors received an anonymous telephone call that she considered threatening. She reported this call to the trial judge who conducted an *in camera* hearing and determined that she was capable of rendering an impartial verdict. In a post-conviction proceeding, respondent asserted that the juror subsequently told other jurors about this call, which constituted juror misconduct and introduced a prejudicial influence into the deliberations. The Public Defender, who had contacted 10 of the 12 jurors, testified that 8 jurors responded to questions regarding their knowledge of a telephone threat during the trial. The trial court refused to grant a mistrial based on these allegations. The Supreme Court of Indiana affirmed. *Owen* v. *State*, 269 Ind. 513, 381 N. E. 2d 1235 (1978). It relied on Indiana state law which prohibits the interrogation of jurors for the purpose of impeaching a jury verdict.

Respondent then petitioned for a writ of habeas corpus. The District Court denied the writ, finding no constitutional error in the state-court ruling or procedure. The Court of Appeals for the Seventh Circuit reversed. 645 F. 2d 74 (1980). It concluded that the Federal Rules of Evidence govern federal habeas proceedings, not Indiana law. Fed. Rule Evid. 1101 (c). The evidentiary question is thus governed by Federal Rule of Evidence 606 (b), which permits a juror to testify as to whether prejudicial information was brought to bear on any juror, not the contrary Indiana law.*

---

*Rule 606 (b) of the Federal Rules of Evidence provides in pertinent part:

"Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to . . . the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify

It concluded that respondent "may be able to prove facts which would entitle him to habeas relief by use of permissible means and that, through no fault of [respondent], the pertinent factual issues were not fully and adequately litigated in state court." App. to Pet. for Cert. A–5. Accordingly, the court held that respondent was entitled to an evidentiary hearing.

In my view, the Court of Appeals confused the rules of evidence which are applicable in a federal habeas proceeding with the rules of law which may properly be applied by a state court on direct review. No one would disagree with the conclusion of the Court of Appeals that Indiana rules of evidence do not apply in a federal habeas proceeding. But the question is not whether Indiana rules of law govern a federal habeas proceeding, but whether Indiana is bound by the United States Constitution to apply the Federal Rules of Evidence in its own courts. In my view, unless a state rule of law violates the Constitution, a federal habeas court is without authority to invalidate it. Rules of evidence in state criminal trials are matters of state law and therefore questions to be determined solely by state courts. See, *e. g.*, *Monk* v. *Blackburn*, 605 F. 2d 837 (CA5 1979). The fundamental error of the court below here is that it never squarely addressed the question whether the Indiana rule prohibiting the impeachment of a verdict by a juror violates the Constitution, and hence should be invalidated. Nor does the court explain why, if the Indiana state rule is *not* unconstitutional, the federal habeas court is entitled to circumvent it.

Indeed, in asserting the applicability of Rule 606 (b), the court states that the Rule "tracks the pre-existing case law, which embodied a flexible approach to the evidentiary prob-

---

on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes."

lem to which the rule is addressed." App. to Pet. for Cert. A–8. The only case from this Court cited for that proposition is *Parker* v. *Gladden,* 385 U. S. 363 (1966), in which the *state* trial court, on a petition for postconviction relief, heard testimony from a juror and found that an " 'unauthorized communication was prejudicial and that such conduct materially affected the rights of the [petitioner].' " *Id.,* at 364. Though the Supreme Court of Oregon reversed, this Court in turn reversed that holding in a three-page *per curiam* opinion. It is clear from that case that Oregon law, unlike Indiana law, *did* permit a juror to impeach a jury verdict under certain circumstances. *Id.,* at 363, n. 1. Thus, all *Parker* establishes is that Indiana follows a stricter view of the right of a juror to impeach a verdict than Oregon: it does not establish that the Federal Rules of Evidence are constitutionally mandated in a trial conducted in the Indiana state courts.

In sum, the decision below can be read as establishing a constitutional requirement that the Federal Rules of Evidence apply to criminal trials in the 50 state courts. Because I doubt the validity of that requirement, I would grant the petition for certiorari to review the judgment of the Court of Appeals.