VONDERSCHMIDT *v.* STATE OF INDIANA.

[No. 28,406.   Filed October 28, 1948.]

440

*James C. Cooper,* Public Defender.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin, Merl M. Wall,* Deputy Attorney General.

GILKISON, J.—This is an appeal from a judgment of the Vigo Circuit Court denying appellant's petition for writ of error coram nobis.

The record before us shows that on June 6, 1944, appellant was charged, by affidavit, in that court, with

having robbed one John Trimpe of $1.41 by violence and putting him in fear, on that date. On the same date a warrant was issued for appellant's arrest, and the sheriff's return shows he was arrested and taken in custody on the same date. He was presented in court in custody of the sheriff, duly arraigned, "properly advised of his constitutional rights," "stated to the court that he did not desire an attorney" pleaded guilty to robbery as charged, and was sentenced to the Indiana State Prison for not less than ten nor more than twenty-five years, all on the same date, between 11:30 A.M. and 3:30 P.M.

At the next succeeding term of the court on September 5, following, appellant filed his verified petition for writ of error *coram nobis,* asking that the judgment be vacated, and he be allowed to withdraw the plea of guilty, to enter a plea of not guilty, and to be tried regularly on the charge.

In this petition he avers that at the time of his arraignment:

(1) He was intoxicated and confused.

(2) He was not allowed time to prepare his defense.

(3) He did not understand the charges against him and did not competently waive his constitutional rights.

(4) He was without counsel.

(5) He was denied due process of law.

By its affirmative answer the state alleged that at his arraignment appellant was informed of his constitutional rights, waived his right to have counsel advise him, and freely entered his plea of guilty. That appellant was not intoxicated at the time of his arraignment.

Appellant's evidence is that he had been drinking heavily and continuously for about a week before the date of his arraignment. His mind was hazy and confused. He does not remember whether he was in court or not. He remembers talking with someone, but does not know if it was police officer Wimer. He thinks some police officer gave him some whiskey. He has no recollection of what the judge said to him. When he got to the prison he was treated by the prison doctor for alcoholism.

State's evidence showed that at the arraignment, he showed the effects of liquor, was highly nervous, and had the smell of liquor. Had the appearance of a man who had been drinking over a period—had the shakes. Officer Wimer said he was not intoxicated, but he had been drinking. He was nervous, he could talk but he had the shakes.

An officer who was sent up to appellant's room found a bottle of grenadine, two or three empty whiskey bottles and a pint bottle with whiskey in it. Appellant asked, and was allowed to drink this whiskey. The officers thought his condition was such that he needed it.

With this record before it the Vigo Circuit Court found against the petitioner. The issue before us is to determine whether or not this finding and judgment is erroneous.

The pertinent facts in the case are not disputed and it is our duty to apply the law to these facts. *Atkinson* v. *State* (1920), 190 Ind. 1, 6, 128 N. E. 433.

This court has often expressed disapproval of trial courts receiving pleas of guilty from defendants

charged with crime, who are not represented by competent counsel, until after reasonable inquiry into the facts to discover whether a plea of guilty is entered into freely and understandingly. *Cassidy* v. *State* (1929), 201 Ind. 311, 321, 168 N. E. 18. *Rhodes* v. *State* (1927), 199 Ind. 183, 194, 156 N. E. 389.

A plea of guilty should be entirely voluntary and made by one competent to know the consequences thereof and the trial court should satisfy itself of these facts before receiving it. *Cassidy* v. *State, supra. Irwin* v. *State* (1942), 220 Ind. 228, 238, 41 N. E. 2d 809; *Harris and May* v. *State* (1931), 203 Ind. 505, 509, 181 N. E. 33. *Mislik* v. *State* (1915), 184 Ind. 72, 76, 110 N. E. 551. *Myers* v. *State* (1888), 115 Ind. 554, 558, 18 N. E. 42.

The rule is that a petition to vacate a judgment rendered upon a plea of guilty, and permit a withdrawal of the plea is addressed to the sound discretion of the trial court. *East* v. *State* (1929), 89 Ind. App. 701, 704, 168 N. E. 28; *Harris and May* v. *State, supra; Capps* v. *State* (1928), 200 Ind. 4, 6, 161 N. E. 6; *Doench* v. *State* (1929), 89 Ind. App. 52, 54, 165 N. E. 777; *Atkinson* v. *State, supra; Cassidy* v. *State, supra; Myers* v. *State, supra.* "But this rule cannot prevail where the defendant has been denied his rights under §§ 13 and 14, Article 1 of the Constitution of Indiana." *Cassidy* v. *State, supra,* at p. 319; *Kuhn* v. *State* (1943), 222 Ind. 179, 193, 52 N. E. 2d 491; *Wilson* v. *State* (1943), 222 Ind. 63, 78, 51 N. E. 2d 848.

In the Wilson case last cited this court said:

". . . But in a case involving appellant's life or liberty we may not ignore prejudicial errors affecting his constitutional rights when, as here,

they are clearly and adequately presented in appellant's brief with supporting bill of exceptions. *The procedural rules that would prevent their consideration must give way to the fundamental principles of due process. . . .*" (Our italics)

In *Kuhn* v. *State, supra,* at page 193 this court said:

"By his motion to vacate the judgment of conviction and withdraw his plea he usually charges that he has been denied one or more of his constitutional rights. *It is the duty of the trial court and of this court to see to it that those constitutional rights are not improperly denied to a defendant charged with crime.*" (Our italics).

While the intrinsic record of the trial court states that at his arraignment appellant was "properly advised as to his constitutional rights" "and ▮ stated to the court that he did not want an attorney," the evidence produced in the hearing below quite conclusively shows that at the time he was in a pitiful state both physically and mentally produced by prolonged and continued intoxication. He had the odor of intoxicating liquor on him and was very nervous and shaky. Assuming that he was advised of his constitutional rights and said he did not want an attorney, it is quite improbable, in that condition, that he had any idea what was said to him or what he was saying. We feel that the record conclusively shows that in his maudlin state it was not possible for him to knowingly, understandingly, and freely enter into a plea of guilty to a charge carrying a penalty of 10 to 25 years in the state prison; and that he is entitled to be fairly tried when he is in possession of his normal faculties. To advise him of his constitutional rights when he was in the mental condition as conclusively shown by the evidence, was

a meaningless ceremony, amounting to a denial of these rights.

For the reasons given the judgment is reversed with instructions to the trial court to sustain appellant's motion to set aside the judgment rendered on the plea of guilty, to permit him to withdraw said plea and for further proceedings agreeable with this opinion.

NOTE.—Reported in 81 N. E. 2d 782.