STATE OF INDIANA *v.* LINDSEY;
STATE OF INDIANA *v.* CARROLL.

[No. 28,870. Filed June 3, 1952. Rehearing denied September 30, 1952.]

128

*J. Emmett McManamon,* Attorney General; *William T. McClain* and *John Ready O'Connor,* Deputy Attor-

neys General; and *Richard F. DeTar,* Prosecuting Attorney of the 35th Judicial Circuit, for appellant.

*James C. Cooper* and *Harold P. Fiely,* Public Defenders of Indiana, for appellees.

JASPER, C. J.—This is an appeal from orders and judgments granting appellees writs of error *coram nobis* on their separate petitions.

On April 22, 1933, appellee, Charles LeRoy Lindsey, was indicted for first degree murder, which cause was docketed in the LaGrange Circuit Court as No. 1938. On May 1, 1933, on showing that appellee had no money or means with which to employ an attorney, the trial court appointed an attorney to represent him. Appellee, appearing by attorney, was arraigned and pleaded guilty. Judgment was entered and appellee was sentenced to the Indiana State Prison for and during his natural life. He was delivered to the prison on the same day. On April 13, 1951, the Public Defender, representing appellee, filed his amended petition for writ of error *coram nobis.* On November 16, 1951, an answer was filed by appellant, under our Rule 1-3, and a further paragraph alleging lack of due diligence by appellee.

On April 22, 1933, appellee, Francis Carroll, was indicted for first degree murder, which cause was docketed in the LaGrange Circuit Court as No. 1940. On May 1, 1933, on showing that appellee had no money or means with which to employ an attorney, the trial court appointed an attorney to represent him. Appellee, appearing by attorney, was arraigned and pleaded guilty. Judgment was entered and appellee was sentenced to the Indiana State Prison for and during his natural life. He was delivered to the prison on the same day. On November 19, 1951, the Public Defender,

representing appellee, filed his amended petition for writ of error *coram nobis*. An answer was filed by appellant, under our Rule 1-3, and a further answer alleging lack of due diligence by appellee.

The trial court consolidated for hearing the two causes of action.

On December 22, 1951, the trial court entered its findings and judgments granting appellees' petitions for writs of error *coram nobis*.

Appellant assigns as error that the orders made and entered by the court on December 22, 1951, are contrary to law.

Appellees' petitions allege that their constitutional rights were violated in that they did not knowingly, freely, and understandingly enter their pleas of guilty,[1] and that they never intentionally or knowingly waived any of their constitutional rights to counsel,[2] and that they were never informed of their constitutional rights; that although the record shows that, on the day they pleaded guilty, counsel was appointed for them, they never knew counsel had been so appointed, and that the attorney never consulted or talked with them regarding the charge, and that they were coerced into entering a plea of guilty; that they were ignorant of their constitutional rights, and did not understand the consequence of their plea of guilty.

Two and one-half days were consumed in trying the case. It is unnecessary to set the evidence out in detail. Evidence was introduced to support each allegation of the petitions. However, all of the evidence was disputed and is conflicting. This

---

[1] For "Due Course of Law," see Art. 1, §12, Constitution of Indiana.

[2] For "Rights of Accused," see Art. 1, §13, Constitution of Indiana.

court has often said that, upon review, we do not weigh conflicting evidence or determine the credibility of witnesses. That is for the trial court. *Abraham* v. *State* (1950), 228 Ind. 179, 91 N. E. 2d 358; *Garrett* v. *State* (1939), 216 Ind. 52, 22 N. E. 2d 981; *Sessler* v. *State* (1944), 222 Ind. 608, 609, 56 N. E. 2d 851.

Appellant contends that appellees failed to prove that they had used due diligence in asserting their remedy. Due diligence is a question of fact for the trial court. However, in the case at bar, appellees assert that certain of their constitutional rights had been violated. If this is true, and they did not waive their rights,[3] the judgments were void from the time of the violation. *Bradley* v. *State; Taylor* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580; *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145. In the last-cited case we said that where a judgment is void, *laches* does not operate to preclude the opening or vacating of a void judgment, for the reason that no amount of acquiescence can make it valid. Under our Constitution, there can be no valid trial of a criminal case unless a defendant is defended by counsel,[4] if he desires counsel. A judgment rendered where counsel has been denied is void. *Bradley* v. *State; Taylor* v. *State, supra; Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, 130 A. L. R. 1427. There can be no question that when a judgment is void, it remains void forever.

A *coram nobis* is not based upon a contention that the judgment is void. It concedes that it is valid on

[3] The constitutional right to representation by counsel is one that may be waived by an accused. *Hoelscher* v. *State* (1944), 223 Ind. 62, 57 N. E. 2d 770.

[4] For "Right to Counsel in Indiana," see Indiana Law Journal, Vol. 26, p. 234.

its face, and that there is no error upon the face of the record. *State ex rel. Cutsinger* v. *Spencer, Judge* (1941), 219 Ind. 148, 41 N. E. 2d 601. When, however, the petitioner alleges a violation of constitutional rights to be represented by counsel, and the accused sustains the burden of overcoming the presumption that the judgment is valid, and the court finds a violation of constitutional rights, then all facts thereafter are void. The judgment is void *ab initio*. The Supreme Court of the United States has held that a failure to permit a defendant to have counsel amounts to a denial of due process of law. *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527. It is as important to have counsel at all steps of the proceeding, where an accused must decide whether or not to plead guilty, as it is to have a lawyer when an accused stands trial. *Von Moltke* v. *Gillies* (1948), 332 U. S. 708, 68 S. Ct. 316, 92 L. Ed. 309; *Foster* v. *Illinois* (1947), 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1955; *Glasser* v. *United States* (1942), 315 U. S. 60, 62 S. Ct. 457, 86 L. Ed. 680. In the case at bar there was evidence that appellees had been denied counsel and had not freely and voluntarily waived their constitutional rights.

This court has further held that when a void judgment is entered it can be attacked at any time, directly or collaterally, whenever the question is raised. *Slack* v. *Grigsby, supra.* The rule therefore is that due diligence is not a necessary fact to be proven when it is alleged and proved that the petitioner's constitutional rights have been violated. In so far as *State ex rel. McManamon* v. *Blackford C. Ct.* (1950), 229 Ind. 3, 95 N. E. 2d 556, and *Irwin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809, are in conflict here with, they are overruled. It was not necessary

for appellees to prove that due diligence was used in filing their petitions.

Appellant further contends that appellees failed to prove that they had a good defense and were innocent.[5] Where constitutional rights are violated, the filing of a petition for a writ of error *coram nobis* need not allege a good defense or that the petitioner is innocent of the charge of which he then stands convicted. *Abraham* v. *State, supra; Beard* v. *State* (1949), 227 Ind. 717, 88 N. E. 2d 769. As was said in *Abraham* v. *State, supra* (p. 185 of 228 Ind., p. 360 of 91 N. E. 2d) :

> "The right to be heard by counsel provided by §13 of Article 1 of the Constitution of Indiana, as well as the due process clause of the Fourteenth Amendment cannot be nullified by the appointment of incompetent counsel who give merely perfunctory or casual representation. . . .
>
> "This right is not defeated merely because an accused himself employs incompetent counsel who affords inadequate representation. . . . Nor is this constitutional protection waived because the accused may in fact be guilty. 'The safeguards erected by the Constitution are intended to protect the rights of all citizens alike. They protect the rights of the guilty as well as those of the innocent.' " . . .

We therefore hold that it was not necessary for appellees to either allege or prove that they were innocent or had a good defense. In so far as the case of *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184, is in conflict herewith, it is overruled.

Appellant further contends that appellees failed to

---

[5] For a discussion of the necessity to allege innocence, see "Habeas Corpus and Coram Nobis in Indiana," Indiana Law Journal, Vol. 26, p. 529.

prove that they were denied the right to be represented by counsel. Appellees testified that they had no ▆▆▆▆ funds with which to employ counsel, that they never talked or conferred with any lawyer, and that one lawyer was kept from seeing them. This evidence, of course, is all disputed. There was conflicting evidence on each point. However, the trial court was the judge as to the weight and credibility to be given the evidence and the witnesses. We cannot weigh the evidence. The contention was a question of fact for the trial court, and we will not disturb the decision if there is evidence to sustain it. An accused is entitled to be heard by counsel, not only at the time of trial, but also to consult with counsel at all stages of the proceedings. *Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915. In the case at bar there was substantial evidence of probative value that the accused were denied the right to adequate counsel. As was said in *Campbell* v. *State* (1951), 229 Ind. 198, 204, 205, 96 N. E. 2d 876, 878, 879:

> "The rule that a proceeding to vacate a judgment rendered upon a plea of guilty and permit a withdrawal of the plea is addressed to the sound discretion of the trial court, does not prevail where the defendant has been denied his rights under §§12 and 13, Art. 1 of the Constitution of Indiana. *Vonderschimdt* v. *State* (1948), 226 Ind. 439, 443, 81 N. E. 2d 782, *supra; Kuhn* v. *State* (1944), 222 Ind. 179, 193 et seq., 52 N. E. 2d 491; *Wilson* v. *State* (1943), 222 Ind. 63, 78, 51 N. E. 2d 848; *Cassidy* v. *State* (1929), 201 Ind. 311, 319, 168 N. E. 18. When these rights have been denied all procedural rules that would prevent their consideration or leave them to the discretion of the trial court must yield to the fundamental principles of 'due process' and 'due course of law.' *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 443, 81 N. E. 2d 782, *supra; Wilson* v. *State* (1943), 222

Ind. 63, 78, 51 N. E. 2d 848, *supra; Todd* v. *State* (1948), 226 Ind. 496, 508, 81 N. E. 2d 784, 786, 82 N. E. 2d 407, *supra.* When the constitutional requirements for 'due process' or 'due course of law' are denied or ignored all proceedings in the case thereafter are clearly void. *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 82 L. Ed. 1461, 1468; *State ex rel. McManamon et al.* v. *Blackford Circuit Court* (1950), 229 Ind. 3, 95 N. E. 2d 556, 563, and cases cited.

"That the intrinsic record in the case may show that at his arraignment appellant was 'advised of his constitutional rights' carries no presumptions as against appellant's verified petition for writ of error coram nobis directly and specifically charging a denial of constitutional rights nor in other proceedings where such rights have been denied. As against this petition this court can indulge no presumptions that appellant was ever offered counsel by the court at any time, nor that his constitutional rights to a jury trial were explained to him or that he had a right to have counsel to represent him."

The judgments attacked by the *coram nobis* petitions, and the court's intrinsic record upon which they are based, are valid upon their face. The presumption is that the judgments were procured by due course of law. The burden was upon appellees to overcome this presumption, by a fair preponderance of the evidence, in order to maintain their actions. *State ex rel. Cutsinger* v. *Spencer, Judge, supra.* On this proposition, evidence *dehors* the record is admissible. *Campbell* v. *State, supra.*

The trial court found that appellees had sustained their burden of proof and had overcome the presumption by a fair preponderance of the evidence. After reviewing the evidence, we find that there was sufficient evidence of probative value to sustain the allegations of appellees' petitions.

.The orders and judgments entered by the trial court were not contrary to law.

Judgment affirmed.

Emmert, J., concurs in result.

NOTE.—Reported in 106 N. E. 2d 230.