### UNITED STATES of America
### v.
### Gustavo Rodriguez VARGAS, Eliseo Gonzalez Pacheco, Victor Perez Vega, Roque Martinez Ruiz.

### Petition of Victor Perez VEGA for Writ of Error Coram Nobis and Motion to Vacate Judgment.
### Cr. A. No. 4591.

United States District Court
D. Puerto Rico, San Juan Division.
Sept. 29, 1954.

Rene Benitez, San Juan, Puerto Rico, for petitioner.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for the United States, for plaintiff.

RUIZ-NAZARIO, District Judge.

Petitioner presented a motion in the nature of a writ of error coram nobis and for an order setting aside a judgment of conviction and sentence entered by this court on January 5, 1939. Said sentence has been fully served by petitioner, who presently is serving a sentence as a second felony offender in the New York State Prison at Auburn, New York.

Petitioner contends that at his arraignment in this court in 1939 he did not intelligently waive counsel.

A hearing was held on July 6, 1954, see U. S. v. Morgan, 346 U.S. 502, 74 S.Ct. 247, and testimony was adduced concerning the events at the 1939 arraignment. Although the testimony tended to show that defendant was asked whether he desired counsel and replied in the negative, testimony corroborated by the journal entry, the judgment and commitment does not show any such waiver. There is no record of any explanation by the court of the seriousness of the offense charged, the consequences of a plea of guilty, or of petitioner's constitutional right to assistance of counsel. On the other hand, the record and the testimony of petitioner's brother show that petitioner was at the time of his arraignment 18 years old, with only an eighth grade education and of a very humble environment. The proceedings were conducted in English through an interpreter.

A consideration of the testimony at the hearing, and the want of any record as to the colloquy between the court and this petitioner at the time of his arraignment, when weighed in the light of his youth, his meagre educational background and poor environment, coupled to the fact that the proceedings were in the English language, convince me that petitioner was not competent to waive counsel, and that he did not do so intelligently. Indeed, there is evidence that he was anxious to get it over with, and gave no thought to the consequences of a plea of guilty. I am therefore compelled to hold that petitioner did not properly waive counsel at his arraignment, and that this Court was without jurisdiction to convict and sentence him.

It is ordered, that the judgment and sentence of 5 January 1939 in U. S. v. Victor Perez Vega, criminal No. 4591, be, and the same is hereby vacated.