PHILLIP N. DEFRISCO v. STATE OF INDIANA.

[No. 372A142. Filed November 2, 1972.]

---

*Oscar B. Smith, Jr.* of Knox, *William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

STATON, J.—Without being represented by an attorney, Phillip DeFrisco, age twenty-seven, pleaded guilty to possession of cannabis sativa (marijuana) at his arraignment held on August 22, 1971. A pre-sentence investigation was made before he was sentenced to the Indiana State Reformatory for not less than one year nor more than ten years.

With representation by an attorney, he filed a motion to withdraw his guilty plea on August 30, 1971. A hearing was held August 31, 1971. The motion was denied. Phillip DeFrisco's motion to correct errors urges that the trial court abused its discretion when it denied his motion to withdraw guilty plea. Three reasons are given:

1) The defendant's guilty plea was not freely and intelligently given.
2) The defendant was not properly informed of his right to have counsel at the arraignment.
3) The defendant was prosecuted, convicted and sentenced under a statute prior to its promulgation.

In our opinion which follows, we discuss only reason two above and reverse the trial court's judgment with instructions to grant Phillip DeFrisco's "Motion to Withdraw Plea of Guilty."

CONTENTION OF ERROR NO. 2: Phillip DeFrisco's second reason given above as an abuse of discretion by the trial court is further expanded in his brief as follows:

"The defendant during his arraignment was not represented by an attorney and was not apprised of his Constitutional rights with regard to representation by an attorney.

"At no time during his said arraignment did the Court advise him that he was entitled to have a competent counsel represent him at public expense if he was without money, means or credit to pay it himself."

Phillip DeFrisco was not advised by the trial court during arraignment proceedings that legal counsel would be appointed for him if he did not have the means to obtain private counsel. No inquiry was made into his eligibility for a court appointed counsel before he entered his plea of guilty. The pertinent sections of the arraignment proceedings were as follows:

"Court: What about you Mr. DeFrisco? Do you want an attorney or have you talked to an attorney, a lawyer?

"Mr. DeFrisco: No sir.

"Court: Is it you desire to talk to an attorney?

"Mr. DeFrisco: No sir.

"Court: Where is your home?

"A. Birmingham.

"Court: Birmingham? Well, one of your fundamental rights is—a very important right is that you have the right to be represented by counsel, you are entitled to a public trial by Jury; and you need not say anything or explain anything; it is the State's duty to prove guilt before a conviction can be had, beyond a reasonable doubt, and you have the right to use the subpoena powers of the State to subpoena witnesses to testify in your behalf should you so desire, and you have the right to cross examine and to confront any of the State's witnesses should you so desire, and you are brought in to have these things explained to you, and to be advised of these things, and also at this particular time, then, to give the Court an indication as to what you might want to do— whether you want to plead, either not guilty, or guilty. If you plead not guilty the matter will be set down for

trial. If you plead guilty, then the Court will refer this to the probation officer for presentence investigation and we'll fix penalties at a later date. What is your pleasure at this particular time? Do you want to continue to consult with an attorney, or do you want to enter a plea now?

"Miss Burrow: Plead guilty.

"Court: You want to plead guilty?

"Mr. DeFrisco: Yes sir.

"Court: And do you do this voluntarily, and freely? Each of you?

"Both: Yes sir.

"Court: Has anyone talked to you beforehand and told you to do this?

"Both: Indicate NO.

"Court: Well, I think probably we can continue this then for presentence."

A trial court speaks through its record on appeal. Precautions taken to assure a defendant of his right to counsel are reflected by the record. The record should show that a very clear, concise and complete explanation has been made to the defendant of his constitutional right to be represented by legal counsel before the proceedings commenced.[1] It is the duty of the trial court to communicate

---

1. American Bar Association Project on Minimum Standards for Criminal Justice, Approved Draft (February 1968), *Standards Relating to Providing Defense Services* § 7.1:

"7.1 Explaining the availability of a lawyer.

"When a person is taken into custody or otherwise deprived of his freedom he should immediately be warned of his right to the assistance of a lawyer. This warning should be followed at the earliest opportunity by the formal offer of counsel, preferably by a lawyer, but if that is not feasible, by a judge or magistrate. The offer should be made in words easily understood, and it should be stated expressly that one who is unable to pay for adequate representation is entitled to have it provided without cost to him. At the earliest opportunity a person in custody should be effectively placed in communication with a lawyer. For this purpose he should be provided access to a telephone, the telephone number of the defender or person responsible for assigning counsel, and any other means necessary to place him in communication with a lawyer."

these rights to the defendant.[2] If any doubt exists as to the defendant's understanding of the first explanation of his rights, the trial court's explanation should be couched in different terms and restated. *United States* v. *Vargas,* 124 *F. Supp.* 195 (D.P.R. 1954). Inquiry should be made by the trial court to determine the eligibility of the defendant for a court appointed counsel.[3]

It is error when the record shows that no attempt was made to advise the defendant that he is entitled to have competent counsel represent him at public expense if he is without money, means or credit to pay for it himself. In *Dearing* v. *State* (1951), 229 Ind. 131, 140, 95 N. E. 2d 832, 836, our Supreme Court held:

"The court erred in failing to advise appellant, on his arraignment, that he was entitled to have competent counsel represent him at public expense if he was without money, means or credit to pay for it himself."

See also *Campbell* v. *State* (1951), 229 Ind. 198, 96 N. E. 2d 876; *Conley* v. *State* (1972), 259 Ind. 29, 284 N. E. 2d 803. In *Campbell* v. *State, supra,* at 203-204, 96 N. E. 2d at 878,

---

2. American Bar Association Project on Standards for Criminal Justice, Tentative Draft (June 1972), Standards Relating to the Function of the Trial Judge § 3.4(a):

"3.4 Protecting the accused's right to counsel.

"(a) The trial judge should inquire whether the accused is represented by counsel at the earliest time an accused appears before him. If an accused is unrepresented, the trial judge should inquire into the eligibility of the accused for assigned counsel and, if eligibility is found, assign counsel to represent him, in accordance with ABA Standards, Providing Defense Services §§ 6.1, 6.2 and 6.3."

3. American Bar Association Project on Minimum Standards for Criminal Justice, Approved Draft (February 1968), *Standards Relating to Providing Defense Services* § 6.3:

"6.3 Determination of eligibility.

"A preliminary and tentative determination of eligibility should be made as soon as feasible after a person is taken into custody. The formal determination of eligibility should be made by the judge or an officer of the court selected by him. A questionnaire should be used to determine the nature and extent of the financial resources available for obtaining representation. If at any subsequent stage of the proceedings new information concerning eligibility becomes available, eligibility should be redetermined."

our Supreme Court held in an opinion written by Judge Gilkison, which reversed the trial court.

". . . There is no showing whatever that the judge of the court at any time told appellant that he had a right to have a lawyer; or that the judge inquired whether appellant had means with which to employ a lawyer, or informed appellant that the court would appoint a lawyer for him at public expense if he had no means to employ one; or that he directed any officer of the court to call a lawyer to consult with appellant. Under this state of facts appellant cannot be held to have waived his right to have counsel. *Batchelor* v. *State* (1920), 189 Ind. 69, 77, 78, *supra.* Under the repeated decisions of this court and the United States Supreme Court this constitutes a denial of a constitutional right and violates the 'due process' clause of the United States Constitution—Amendment 14, § 1, and the 'due course of law' clause of the Indiana Constitution, Art. 1, §§ 12 and 13. *Powell* v. *Alabama* (1932), 287 U.S. 45, 53, 77 L. Ed. 158, 162; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 125 N. E. 773, 775, *supra; Suter* v. *State* (1949), 227 Ind. 648, 657, 88 N. E. 2d 386; *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 442, 81 N. E. 2d 782; *Dearing* v. *State* (1951), 229 Ind. 131, 95 N. E. 2d 832, 835, *supra; Todd v. State* (1948), 226 Ind. 496, 508, 81 N. E. 2d 530, 81 N. E. 2d 784, 786, 82 N. E. 2d 407.

\* \* \*

". . . When these rights have been denied all procedural rules that would prevent their consideration or leave them to the discretion of the trial court must yield to the fundamental principles of 'due process' and 'due course of law.' *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 443, 81 N. E. 2d 782, *supra; Wilson* v. *State* (1943), 222 Ind. 63, 78, 51 N. E. 2d 848, *supra; Todd* v. *State* (1948), 226 Ind. 496, 508, 81 N. E. 2d 784, 786, 82 N. E. 2d 407, *supra.* When the constitutional requirement for 'due process' or 'due course of law' are denied or ignored all proceedings in the case thereafter are clearly void. *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 82 L. Ed. 1461, 1468. *State ex rel. McManamon et al.* v. *Blackford Circuit Court* (1950), 229 Ind. 3, 95 N. E. 2d 556, 563, and cases cited."[4]

---

4. For waiver of constitutional right see *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N. E. 2d 557 and *Lovera* v. *State* (1972), 152 Ind. App. 377, 283 N. E. 2d 795.

The judgment of the Pulaski Circuit Court under Cause Number 10-239 dated August 26, 1971 is hereby reversed with instructions to vacate the said judgment and to grant the "Motion to Withdraw Plea of Guilty" filed by the Defendant, Phillip N. DeFrisco.

Sharp, J., concurs; Hoffman, C.J., dissents with opinion.

## DISSENTING OPINION

HOFFMAN, C.J.—The majority opinion reverses the judgment of the trial court on the sole ground that the defendant was not informed by the trial court that if he was without money, means or credit he was entitled to have counsel represent him at public expense.

The basis for this is the constitutional right to be represented by counsel, and if one is unable to afford to hire an attorney the equal protection clause requires an attorney be provided at public expense.

However, before one is entitled to be informed of his constitutional rights he must have constitutional rights. The law does not require a defendant to be apprised of constitutional rights he does not possess.

If an accused is indigent he is entitled to have counsel at public expense. If an accused is *not indigent* he is not entitled to counsel at public expense.

Neither the record nor the briefs in the instant case contain any statement that the defendant is indigent, nor are there any words from which such fact may be inferred.

Before a cause can be reversed it is incumbent upon the appellant to show reversible error.

The trial court informed the defendant that he was entitled to be represented by counsel and the cause would be continued to permit him to do so.

The defendant knowingly and willingly chose to proceed without benefit of counsel. The defendant was apprised of *his* constitutional rights. It is not necessary that the court

inform a defendant of constitutional rights to which he is not entitled.

The judgment of the trial court should be affirmed.

NOTE.—Reported in 288 N. E. 2d 576.