DAVID FRAIZER *v.* STATE OF INDIANA.

[No. 3-678A148. Filed July 18, 1979.]

*Rhett L. Tauber, Theodoros, Anderson & Tauber, P.C.*, of Merrillville, for appellant.

*Theodore L. Sendak*, Attorney General, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant David Frazier was found guilty of driving under the influence of intoxicating liquor,[1] resisting arrest,[2] and

---

1. IC 1971, 9-4-1-54(b) (1978 Burns Supp.).

2. IC 1971, 35-21-4-1 (Burns Code Ed.). This section was repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977. For current law, see IC 1971, 35-44-3-3 (Burns 1979 Repl.).

fleeing a police officer,[3] following a bench trial in Lake County Court, Division III. Frazier was assessed costs plus fines totaling $700, had his driver's license suspended for one year, and was sentenced to three, 6-month terms of confinement at the Indiana State Farm to be served concurrently.

His appeal raises an issue for our review: whether he was denied the right to the assistance of effective counsel as guaranteed by the Indiana Constitution and the United States Constitution.

The record shows that on February 1, 1977, Frazier was charged by Uniform Traffic Ticket with driving under the influence of intoxicating liquor and by information with resisting arrest and fleeing a police officer. He appeared that same day for a pre-arraignment hearing at which time bond was set. On August 18, 1977, the court set the matter for arraignment on November 21, 1977.

On November 21, the defendant appeared before the court and was advised of the charges pending against him and the penalties attached to those charges. He acknowledged the receipt of his constitutional rights and advised the court that he intended to employ counsel. The court entered a plea of not guilty for the defendant and set the matter for trial at 9:30 A.M., January 12, 1978.

Frazier appeared on January 12, 1978, and the following exchange occurred among the defendant, the defendant's mother, and the court immediately prior to commencement of the trial:

"BY THE COURT:

> State of Indiana vs. David Frazier; 3C-77-566, Driving Under the Influence of intoxicating liquor. State your name and address.

"DEFENDANT:

> David Frazier, 22250 Brookwood, Suak Village.

---

3.  IC 1971, 35-21-2-1 (Burns Code Ed.). This section was repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977. For current law, see IC 1971, 35-44-3-3 (Burns 1979 Repl.).

"BY THE COURT:

Alright [sic], you indicated to the Court on the 21st day of November, 1977, that you were pleading not guilty and you wanted time to secure private counsel.

"BY THE DEFENDANT:

Sir, I have an Illinois attorney, out of dowtown [sic] Chicago, and he called me up Monday, and told me he could not handle the case because he is not licensed to practice law in Indiana. That only gave me two (2) days to look for an attorney. I've talked to three (3) attorneys since then, but I could not afford one.

"BY THE COURT:

Well, on November 21, 1977, that's December, January ... that's almost two (2) months, that this case has been pending.

"DEFENDANT'S MOTHER:

Your honor, I'm the defendant's mother; this attorney in Illinois, John Kirshner and Jerry Lewis, and this John Kirshner, he was the one that was suppose [sic] to handle the case, and they've known about this since this happened, February 1, 1977, and they've known about this ever since then, and they are just now letting us know they couldn't handle the case, and that was late Monday afternoon that he called. So, I had to go downtown yesterday and pick up his papers and he has doctor's statements.

"BY THE COURT:

He has what?

"DEFENDANT'S MOTHER:

His doctor's statements. He was in an accident, so I had to go pick up all these papers.

"BY THE COURT:

Well, I think he has had sufficient time to secure counsel, that's admitted to the Bar of Indiana, so we'll proceed on the charge of Driving Under the influence of intoxicating liquor, and defendant's plea of not guilty.

"BY THE DEFENDANT:

Excuse me your honor, may I have a pauper attorney?

"BY THE COURT:

Well, back in November, you indicated you didn't want pauper counsel; you wanted to get private counsel.

"BY THE DEFENDANT:

That was before I knew this attorney would not handle the case. I called yesterday for a pauper, and they said I would have to come down here and see.

"BY DEFENDANT'S MOTHER:

Now he talked to four (4) different attorneys in Hammond, and each one of them said it was too late for him to handle the case.

"BY THE COURT:

Is Lee Christakis, upstairs?

"BY COURT BAILIFF:

Yes sir, I saw him go by earlier. I know Fisher, is upstairs.

"BY THE COURT:

Get one of them down here, we're going to let him sit as advisory counsel only. Lloyd Fisher, appears as advisory counsel only and sits at counsel table with the defendant. We will now proceed."

Whereupon, the State called its first witness.

In his motion to correct errors, Frazier made a two-pronged attack on the verdict as contrary to law. He argued that he had been denied his right to assistance of counsel because:  1) the attorney appointed to defend him did not have adequate time in which to prepare his defense; and 2) the attorney was appointed as advisory counsel only.

It is a well-settled principle of law that a defendant charged with a crime is guaranteed the right to be represented by counsel by Article

1, Section 13 of the Indiana Constitution and the Sixth and Fourteenth Amendments to the Constitution of the United States. *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848. A failure to permit a defendant to have counsel amounts to a denial of due process. *State v. Lindsey; State v. Carroll* (1952), 231 Ind. 126, 106 N.E.2d 230.

The State impliedly argues that Frazier was not entitled to counsel because all the charges against him were misdemeanors, and expressly argues that, if Frazier were entitled to counsel, he waived that right by failing to secure counsel during the time between his arraignment and trial or, alternatively, by failing to timely ascertain and assert his alleged need for pauper counsel.

The State's first contention is clearly contrary to the law because our courts have long held that, since Art. 1, § 13 of the Indiana Constitution makes no distinction between misdemeanors and felonies, the right to counsel must and does exist in misdemeanor cases to the same extent and under the same rules as it exists in felony cases. *Bolkovac v. State* (1951), 229 Ind. 294, 98 N.E.2d 250.

Addressing the issue of waiver of the right to counsel, our Supreme Court said in *Fitzgerald v. State* (1970), 254 Ind. 39, at 47, 257 N.E.2d 305, at 311:

> "Both this court and the U.S. Supreme Court have insisted that constitutional rights may not be waived except by the appellant himself, knowingly, intelligently and understandingly. A heavy burden is borne by the state whenever it is claimed or alleged that a constitutional right of a defendant has been waived. A silent record is not enough *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L.Ed.2d 694; *Gideon v. Wainwright* (1963), 374 U.S. 335, 9 L.Ed.2d 799; *Carnley v. Cochran* (1962), 369 U.S. 506, 8 L.Ed.2d 70; . . ."

The record clearly shows that the defendant did not waive his right to counsel but, to the contrary, expressly asserted that right both at his arraignment when he informed the court he would employ counsel, and immediately before trial when he testified to his unsuccessful efforts to secure private counsel and his pretrial telephone request for pauper counsel, and when he asked, "Excuse me your honor, may I have a pauper attorney?"

Never having waived his right to counsel, Frazier had a right to an attorney of his own choice if financially able to employ such counsel. If he was not financially able to do so, it was the duty of the court to select a competent attorney for him at public expense. *State ex rel. Shorter v. Allen Superior Court* (1973), 155 Ind.App. 269, 292 N.E.2d 286.

Although the transcript does not show the necessary interrogational format for a determination of the necessity to appoint pauper counsel,

*Haynes v. State* (1973), 155 Ind.App. 472, 293 N.E.2d 204; *DeFrisco v. State* (1972), 153 Ind.App. 609, 288 N.E.2d 576, the court's entry for January 12, 1978, designates Fisher as "Pauper Counsel to represent the Defendant as advisory counsel only." Whether such an appointment fulfills the constitutional guarantee is the crux of our inquiry.

Our courts have consistently maintained that mere perfunctory action by an attorney representing one accused of a crime which falls short of presenting the evidence favorable to him and invoking the rules of law intended to prevent conviction for an offense of which the accused is innocent, or the imposition of a penalty more severe then is deserved, cannot be tolerated.

*Thomas v. State* (1969), 251 Ind. 546, 242 N.E.2d 919; *Wilson, supra.*

In the case at bar, the record shows no explanation to Fisher of his role as Frazier's attorney other than that he was advisory counsel only and should sit at the defense table. The trial began immediately with Fisher's participation limited, as shown by the record, to: 1) advising Frazier, upon the court's request, as to the process of cross-examination; 2) cross-examining two witnesses upon the court's request; 3) successfully moving for one answer to be stricken from the record; and 4) making a closing argument limited by the court to three mintues. The defendant rested his case without calling any witnesses or presenting any evidence. This amounts to mere perfunctory action by Frazier's counsel.[4]

---

4. We do not intend to imply in any way that advisory defense counsel was remiss in his participation on behalf of Frazier. With no explanation of his role other than that shown in the record, we believe that he would logically have assumed that he was being summoned into the courtroom as standby counsel to preserve the rights of a defendant who had asserted his right to represent himself. *See: German v. State* (1978), 268 Ind. 67, 373 N.E.2d 880.

A defendant's constitutional right to counsel must be interpreted as the right to complete access to an attorney's broad range of knowledge and experience as well as the full repertoire of his courtroom skills. The assistance of advisory counsel in the case at bar falls far short of this standard, and we believe that advisory counsel could not, under any circumstances, fulfill the constitutional mandate of the right to counsel when a defendant has asserted, not waived, that right.

The defendant was denied his constitutional right to counsel by the court's appointment of a pauper counsel whose role at trial was restricted by the court to advisory only.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

Garrard, P.J. and Staton, J. concur.

NOTE—Reported at 391 N.E.2d 1192.