## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 05 2017, 9:00 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Samuel J. Beasley
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Craig Allen Decker, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 5, 2017 <br><br> Court of Appeals Case No. 18A04-1705-CR-1097 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable John M. Feick, Judge <br><br> Trial Court Cause No. 18C04-1303-FA-1 |

**Bailey, Judge.**

# Case Summary

[1] After pleading guilty to Child Molesting, as a Class B felony,[1] Craig Allen Decker ("Decker") moved to withdraw his guilty plea, and the trial court denied his motion. Decker focuses his appeal on whether the trial court abused its discretion in denying his motion to withdraw the plea.

[2] We affirm.

# Facts and Procedural History

[3] On March 1, 2013, the State charged Decker with four counts of Child Molesting (two as Class A felonies[2] and two as Class C felonies[3]) and one count of Intimidation, as a Class C felony.[4] Decker and the State subsequently reached a plea agreement whereby Decker would plead guilty to a single count of Child Molesting as a Class B felony—a lesser-included offense of Count 1— in exchange for dismissal of the remaining counts. A hearing was held on October 5, 2016, at which Decker confirmed that he understood the terms of the plea agreement and that he wished to plead guilty. The trial court took the plea under advisement pending review of a pre-sentence investigation report.

---

[1] Ind. Code § 35-42-4-3(a) (2012).

[2] I.C. § 35-42-4-3(a)(1) (2012).

[3] I.C. § 35-42-4-3(b) (2012).

[4] I.C. §§ 35-45-2-1(a) (2013), -2-1(b)(2) (2013).

[4]   Six months later, Decker moved to withdraw the guilty plea. In support of his motion, Decker asserted his innocence and stated that "[a]dditional evidence and/or witnesses heretofore unavailable ha[d] come forward with exculpatory evidence." App. Vol. II. at 142. The trial court held a hearing, which included testimony from several witnesses. Among the witnesses was Decker, who claimed that he was intoxicated on the evening in question, and remembered waking up at a friend's house the following morning. Decker also claimed that he was under the influence of marijuana when pleading guilty.

[5]   The trial court also heard testimony from Amy Friskey ("Friskey"), a former girlfriend of Decker's with whom Decker has two children. Friskey testified that Decker was away from their shared residence when the victim spent the night there. Friskey also testified that she had spoken negatively about Decker to her sister—the victim's mother—expressing concern that Decker would take custody of the children. According to Decker, Friskey's testimony suggested that the victim could have been influenced to make allegations against Decker.

[6]   The trial court denied the motion to withdraw the plea, and sentenced Decker to fifteen years in the Department of Correction. This appeal ensued.

# Discussion and Decision

[7]   After a defendant has entered a plea of guilty, the defendant may withdraw the plea only by obtaining the permission of the trial court. I.C. § 35-35-1-4; *see Carter v. State*, 739 N.E.2d 126, 131 (Ind. 2000) ("[C]ourt permission is required

to withdraw a guilty plea, even when the plea has not been accepted and the withdrawal request is based upon a protestation of innocence."). The trial court must grant a motion to withdraw a guilty plea "whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice." I.C. § 35-35-1-4(b). Otherwise, the trial court may grant the motion "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." *Id.* The defendant "has the burden of establishing his grounds for relief by a preponderance of the evidence." I.C. § 35-35-1-4(e). We review the trial court's ruling for an abuse of discretion, I.C. § 35-35-1-4(b), which occurs when the ruling is clearly against the logic and effect of the facts and circumstances before the trial court. *Rhoades v. State*, 675 N.E.2d 698, 702 (Ind. 1996). As a general matter, we will not second-guess a trial court's evaluation of the facts and circumstances because it "is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences." *Moshenek v. State*, 868 N.E.2d 419, 424 (Ind. 2007). Moreover, "[t]he trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling," and the appellant faces a "high hurdle" in seeking to overturn the ruling. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995).

[8] Decker contends that his guilty plea was involuntary, and that withdrawal of the plea was therefore necessary to correct a manifest injustice. "Manifest injustice" is a "necessarily imprecise" standard, nonetheless, "[c]oncerns about injustice carry greater weight when accompanied by credible evidence of

involuntariness, or when the circumstances of the plea reveal that the rights of the accused were violated." *Id.* at 62.

[9]     "The long-standing test for the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Diaz v. State*, 934 N.E.2d 1089, 1094 (Ind. 2010) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In furtherance of this objective, Indiana Code Section 35-35-1-2 requires that the trial court make several determinations before accepting a plea of guilty, among them, that the defendant has been informed of the consequences of pleading guilty.

[10]    Decker does not argue that the advisements he received were inadequate or that the change of plea process was itself flawed.[5] Indeed, Decker admits that "at the time he offered his plea, he did so of his own volition, in that he balanced the pros and cons of the then-prevailing circumstances, and, as such, did so 'voluntarily.'" Appellant's Br. at 12. Decker instead directs our attention to Friskey's "alibi" testimony, allegedly proffered because she "want[ed] to do the

---

[5] At the hearing on the motion to withdraw the plea, Decker suggested that he may have been under the influence of marijuana at the time he pleaded guilty. Decker refers to this testimony in his brief, but does not direct appellate argument to the issue of intoxication. We nonetheless observe that where there is credible evidence that a defendant was intoxicated when pleading guilty, the trial court must permit the defendant to withdraw the plea. *See Coomer*, 652 N.E.2d at 62 (citing *Vonderschmidt v. State*, 226 Ind. 439, 81 N.E.2d 782, 783 (1948)). Here, the trial court determined that Decker was "not credible." Tr. Vol. II at 63. Moreover, the trial court observed that at the change of plea hearing, Decker "was able to take the oath and answer questions from his attorney and the court," and did not appear to be intoxicated or unable to understand what was happening. App. Vol. II at 156. Thus, the trial court did not abuse its discretion in declining to permit withdrawal of the plea on the basis of alleged intoxication. *Cf. Vonderschmidt*, 81 N.E.2d at 783-84 (determining that withdrawal of a guilty plea was required where the defendant had displayed the effects of alcohol, smelled of alcohol, and an officer acknowledged that the defendant had consumed alcohol).

right thing." Tr. Vol. II at 36. Decker essentially argues that, in hindsight—given his alleged intoxication on the evening in question—he "was operating on deficient and incorrect information at the time of his plea, and that this information made it impossible for him to voluntarily enter a plea of guilty pursuant to the plea agreement." Appellant's Br. at 10.

[11] At bottom, Decker's argument amounts to an assertion of innocence that is purportedly backed by newfound evidentiary support. Yet, "where a trial court has followed the procedures outlined in the guilty plea statutes, and where the defendant's guilty plea is knowing and voluntary, his later assertion of innocence does not require the trial court to set aside his guilty plea." *Carter v. State*, 724 N.E.2d 281, 285 (Ind. Ct. App. 2000), *summarily aff'd*, 739 N.E.2d at 131. Moreover, "[a]dmissions of guilt and assertions of innocence come in many shades of gray, and the trial judge is best situated to assess the reliability of each." *Carter*, 739 N.E.2d at 129.

[12] In arguing that reversal is necessary to correct a manifest injustice, Decker likens this case to *Turner v. State*, 843 N.E.2d 938, 944 (Ind. Ct. App. 2006). There, the defendant pleaded guilty, and before he was sentenced, the Indiana Supreme Court articulated a new approach to applicable constitutional law. *Turner*, 843 N.E.2d at 941. The approach produced a new, credible defense that was not available at the time of the guilty plea, and this Court ultimately reasoned that the defendant "should have a fair opportunity to vindicate" his constitutional rights. *Id.* at 944. Here, however, Decker has not identified any development in constitutional law. Further, any "alibi" defense was not

entirely new, in that Decker claimed to remember waking up at a friend's house.  Moreover, the trial court did not find Decker's testimony to be credible, and specifically observed that Decker had previously confessed and given details about the molestation during a recorded police interview.[6]  The trial court also observed that during the pre-sentence investigation interview, Decker indicated that the decision to plead guilty was pragmatic.  Furthermore, the trial court expressed a "real credibility problem" with Friskey.  *Id.* at 36.  Giving deference to the trial court's evaluation of the facts and circumstances, we cannot say that the trial court abused its discretion in determining that Decker had not proved, by a preponderance of the evidence, that withdrawal of the plea was necessary to correct a manifest injustice.  *See* I.C. § 35-35-1-4.

[13]     Even where there is no manifest injustice, the permissive statute gives the trial court discretion to permit withdrawal of a plea "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea."  I.C. § 35-35-1-4(b).  Here, the trial court determined that the State had been substantially prejudiced due to the passage of time, observing that it had been several years since the alleged incidents, and that attempting to prove the allegations would involve testimony from children whose memories may have faded.  Nonetheless, even if we assume *arguendo* that the State failed to demonstrate that it had been substantially prejudiced by its reliance on the

---

[6] The trial court relied, in part, upon this police-recorded interview with Decker.  On appeal, however, the recording was omitted from the record.  Decker subsequently filed a motion to correct this oversight and asked us to include this interview in the record on appeal.  In a separate order, we granted his request.

plea, in light of the credibility determination made against Decker, we cannot say that the trial court abused its discretion in declining to grant the motion. *See Carter*, 739 N.E.2d at 131 (determining that the trial court did not err in denying permission to withdraw a guilty plea, despite a later protestation of innocence).

# Conclusion

[14] Decker has not demonstrated that the trial court abused its discretion in denying his motion to withdraw the plea of guilty.

[15] Affirmed.

Kirsch, J., and Pyle, J., concur.