[Crim. No. 2587. Fifth Dist. Feb. 25, 1976.]

In re G. DANIEL WALKER on Habeas Corpus.

**COUNSEL**

G. Daniel Walker, in pro. per., for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and Eddie T. Keller, Deputy Attorneys General, for Respondent.

**OPINION**

**FRANSON, J.**—On January 2, 1976, petitioner filed a petition for writ of habeas corpus in propria persona with this court. Thereafter, the Supreme Court granted this court's request to have the petition considered in conjunction with petitioner's direct appeal from his conviction (5 Crim. No. 1897.)

Petitioner's basic contention is that his rights and guarantees under the Sixth and Fourteenth Amendments to the United States Constitution and the California Constitution were violated by his being denied the right to represent himself on appeal.

Petitioner also contends that his privileges under the Sixth and Fourteenth Amendments to the United States Constitution and the California Constitution were violated and denied by forcing onto petitioner allegedly incompetent and inadequate appointed counsel on appeal while denying petitioner his right of self-representation.

Neither of these contentions has merit.

■ Petitioner has no constitutional right of self-representation on appeal.

"An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case, however grave the offense of which the accused is convicted, was not at common law, and is not now, a necessary element of due process of law. It is wholly within the discretion of the state to allow or not to allow such a review. . . .

"It is therefore clear that the right of appeal may be accorded by the state to the accused upon such terms as in its wisdom may be deemed proper." (*McKane* v. *Durston* (1894) 153 U.S. 684, 687-688 [38 L.Ed. 867, 868, 14 S.Ct. 913, 915].)

California has made the right to appeal a statutory creature whose scope and authority is only as specifically delineated. (*Superior Wheeler Cake Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488]; *People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].)

■ Once appellate review is established it must be kept free from any procedures which violate due process or equal protection of the law. (*Griffin* v. *Illinois* (1956) 351 U.S. 12 [100 L.Ed. 891, 76 S.Ct. 585, 55 A.L.R.2d 1055]; *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814]; *Ross* v. *Moffitt* (1974) 417 U.S. 600, 609-612 [41 L.Ed.2d 341, 350-352, 94 S.Ct. 2437].) Thus, *Douglas* v. *California, supra,* holds that the states must provide counsel for the indigent on his first

appeal as a matter of right; however, *Ross* v. *Moffitt, supra,* points out that this right is not unlimited, and the states are free to deny an indigent an appointed attorney at other stages of appellate proceedings.

In *Price* v. *Johnston* (1948) 334 U.S. 266 [92 L.Ed. 1356, 68 S.Ct. 1049], the Supreme Court held that although an appellate court has the power to command that a prisoner be produced to argue his own appeal, the exercise of that power is a matter of sound judicial discretion.

"The discretionary nature of the power in question grows out of the fact that a prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court. [Citation omitted.] The absence of that right is in sharp contrast to his constitutional prerogative of being present in person at each significant stage of a felony prosecution, . . . and to his recognized privilege of conducting his own defense at the trial. Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." (334 U.S. 266 at p. 285 [92 L.Ed. 1356 at p. 1369, 68 S.Ct. 1049 at p. 1060].)

Under California law a criminal defendant has neither a constitutional nor statutory right to argue his case on appeal, or to be present during such proceedings. (Pen. Code, § 1255; *People* v. *Ashley* (1963) 59 Cal.2d 339, 361 [29 Cal.Rptr. 16, 379 P.2d 496], cert. den., 374 U.S. 819 [10 L.Ed.2d 1084, 83 S.Ct. 1714]; *People* v. *Coyle* (1948) 88 Cal.App.2d 967, 970 [200 P.2d 546].)

Moreover, under some circumstances, counsel may be appointed on appeal over the defendant's objections. (*People* v. *Ashley, supra,* at p. 358; see also Pen. Code, §§ 1239-1241.) Once appointed, the attorney has the exclusive right to appear and control court proceedings as long as fundamental rights are not denied; neither the party himself nor another attorney can be recognized in the conduct or disposition of the case. (*People* v. *Mattson* (1959) 51 Cal.2d 777 [336 P.2d 937]; *People* v. *Merkouris* (1956) 46 Cal.2d 540, 554 [297 P.2d 999].)

The recent case of *Faretta* v. *California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525], does not change the foregoing law. *Faretta* holds that the Sixth and Fourteenth Amendments guarantee that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects to do so. The court

did not have before it any claim of a right to self-representation on appeal; indeed the majority opinion cited with approval *Price* v. *Johnston, supra,* which held that a convicted person has no absolute right to argue his own appeal. (422 U.S. at p. 816 [45 L.Ed.2d at p. 571].)

The record shows that petitioner originally requested the appointment of counsel to assist in his appeal and counsel was provided for him. Because of the size and complexity of the case, this court would have appointed counsel even absent a request. We find no deprivation of any rights or prejudice to petitioner from this court's action in appointing counsel.

We further conclude that petitioner has failed to establish any violation of his constitutional rights by virtue of the quality of representation he has received on appeal.

We have reviewed each of his contentions as to inadequate counsel on appeal and find them to be without merit.

Petitioner's other contentions of error are undeserving of discussion.

The petition for a writ of habeas corpus is denied.

Brown (G. A.), P. J., and Gargano, J., concurred.