Filed 6/30/14  P. v. Zhao CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TONG ZHAO,<br><br>      Defendant and Appellant. | H039228<br>(Santa Clara County<br>Super. Ct. No. B1257929) |

Defendant Tong Zhao was sentenced to prison for a term of three years and was ordered to pay several fines, fees, and penalty assessments in connection with his criminal convictions.  Defendant challenges the imposition of a $900 aggregate penalty assessment as set forth in the trial court's minutes and the abstract of judgment.  Finding no error in the aggregate penalty assessment, we will affirm the judgment but direct the trial court clerk to amend the abstract of judgment to identify the amount and statutory basis for each component of that assessment.

## I.  TRIAL COURT PROCEEDINGS

Defendant was charged with sexual penetration of a victim who was unconscious of the nature of the act (Pen. Code, § 289, subd. (d))[1] and misdemeanor sexual battery (§ 243.4, subd. (e)(1)).  Defendant pleaded no contest to both counts and was sentenced to three years prison.  As part of its sentencing pronouncement, the trial court ordered defendant to pay victim restitution in an amount to be determined by the parties, a $720

---

[1]  Unspecified statutory references are to the Penal Code.

restitution fine, an $80 court security fee, a $60 criminal conviction fee, and a $129.75 criminal justice administration fee. The court also imposed a "$300 fine plus penalty assessment … pursuant to Section 290.3 of the Penal Code," but it did not quantify the penalty assessment or break it down into its subparts.

The sentencing minutes and abstract of judgment accurately reflected the fines and fees pronounced by the court. Both documents also showed a $900 penalty assessment pursuant to section 290.3.

Defendant timely appeals the $900 penalty assessment.[2]

## II. DISCUSSION

Defendant contends that the trial court erred by failing to specify the statutory basis for the $900 penalty assessment. Defendant relies on *People v. High* (2004) 119 CalApp.4th 1192, 1200, where the court, although recognizing the task as tedious, required "all fines and fees [to] be set forth in the abstract of judgment." *High* remanded with instructions to prepare an amended abstract of judgment "separately list[ing], with the statutory basis, all fines, fees and penalties imposed on each count." (*Id*. at pp. 1200–1201.)

The Attorney General argues that the trial court did not err because it is not required to orally specify the amount of penalty assessment, relying on *People v. Voit* (2011) 200 Cal.App.4th 1353 and *People v. Sharret* (2011)

---

[2] In May 2013 defendant wrote to this court in Mandarin arguing that his sentence was improper. At our request, defendant's counsel provided us with a translated copy of the letter. In her transmittal, counsel explained that defendant's letter, written before she filed the opening brief, appeared to have been submitted by defendant in anticipation of a brief being filed pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel later filed an opening brief which did not include the issues raised in defendant's earlier letter. Accordingly, we deem any issues raised by defendant in pro per to have been abandoned. (See *In re Walker* (1976) 56 Cal.App.3d 225, 228 [appointed appellate counsel has "exclusive right to appear and control court proceedings"].)

191 Cal.App.4th 859.  She argues further that defendant forfeited his challenge to the penalty assessment by not raising it below.

It is correct that the trial court is not required to set forth the amount of each penalty assessment associated with a particular offense.  (*People v. Sharret*, *supra*, 191 Cal.App.4th at p. 864.)  But "[t]he responsibility then falls to the trial court clerk to specify the penalties and surcharges in appropriate amounts in the minutes and, more importantly, the abstract of judgment."  (*Ibid.*)  This practice is consistent with *High*'s mandate that all fines, fees, and penalties, including the statutory basis for each, be separately listed on the abstract of judgment.  (Accord *People v. Hamed* (2013) 221 Cal.App.4th 928, 940.)

The Attorney General suggests that the $900 in penalty assessments corresponding to the section 290.3 fine is derived from:  (1) $300 (a 100 percent state penalty pursuant to § 1464, subdivision (a)(1); (2) $60 (a 20 percent state surcharge pursuant to section 1465.7, subdivision (a)); (3) $150 (a 50 percent state court construction penalty pursuant to Government Code section 70372); (4) $210 (a 70 percent county penalty pursuant to Government  Code section 76000, subdivision (a)(1)); (5) $30 (a 10 percent DNA penalty pursuant to Government Code section 76104.6, subdivision (a)(1)); (6) $90 (a 30 percent forensic lab penalty pursuant to former Government Code section 76104.7, subdivision (a), effective June 10, 2010); and (7) $60 (20 percent emergency medical services penalty imposed pursuant to Government Code section 76000.5, subdivision (a)(1).)  These seven assessments total $900, the amount listed on the abstract of judgment.

Defendant recognizes that he has waived any challenge to the sufficiency of the evidence of his ability to pay the section 290.3 fine and attendant penalty assessments.  (*People v. McCullough* (2013) 56 Cal.4th 589.)  Still, he argues that this court has the discretion to consider a forfeited claim under *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ("forfeit[ing] a right to present a claim of error to the appellate court … does

not compel the conclusion that, by operation of default, the appellate court is deprived of authority" to review the claim). Were the case to be remanded, defendant indicates he would object to the section 290.3 fine and penalty assessments based on inability to pay. He therefore urges us, in the interest of judicial economy, to exercise our discretion to strike the section 290.3 fine and corresponding penalty assessments based on the limitations on his ability to pay that are apparent from the record.

Defendant has not forfeited his right to seek a corrected abstract of judgment on appeal. The failure to specify each penalty on the abstract of judgment is considered clerical error correctable at any time, and we have jurisdiction to order the trial court to make that correction. (*People v. High*, *supra*, 119 Cal.App.4th at p. 1200.) Accordingly, we will direct the trial court to prepare an amended abstract of judgment reflecting the breakdown and statutory basis for the $900 in aggregated penalty assessments. (See *People v. Hamed*, *supra*, 221 Cal.App.4th at pp. 941–942.) However, we decline defendant's invitation to strike the section 290.3 sex offender fine and related penalty assessments based on inability to pay. Although we have the discretion to consider a forfeited issue on appeal (*People v. Williams*, *supra*, 17 Cal.4th at p. 161, fn. 6), ability to pay is "an alleged factual error that had necessarily not been addressed below or developed in the record because the defendant failed to object." (*People v. McCollough*, *supra*, 56 Cal.4th at p. 594.) We will not review an improperly developed record for factual sufficiency or, as defendant urges, make a factual determination in the first instance.

### III. DISPOSITION

The judgment is affirmed.

The clerk of the trial court is directed to prepare and transmit to the Department of Corrections and Rehabilitation an amended abstract of judgment that sets forth the amount of and statutory basis for each penalty assessment corresponding to the section 290.3 fine, as follows: (1) a **$300** state penalty assessment (§ 1464, subd. (a)(1));

(2) a **$60** state surcharge (§ 1465.7, subd. (a)); (3) a **$150** court construction penalty (Gov. Code § 70372); (4) a **$210** county penalty (Gov. Code, § 76000, subd. (a)(1)); (5) a **$30** DNA penalty (Gov. Code, § 76104.6, subd. (a)(1)); (6) a **$90** forensic lab penalty (former Gov. Code, § 76104.7, subd. (a)); and (7) a **$60** emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)).

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.