Filed 7/26/22  P. v. Alford CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARIO S. ALFORD,<br><br>    Defendant and Appellant. | 2d Crim. No. B312837<br>(Super. Ct. No. 20F-02462)<br>(San Luis Obispo County) |

Mario S. Alford appeals from the judgment after the jury convicted him of robbery (Pen. Code,[1] § 211) and found true the allegation that he personally used a firearm (§ 12022.53, subd. (b)). The trial court found true the allegations that he had multiple serious prior convictions (§ 667, subd. (a)) and two "strike" convictions. (§§ 667, subds. (d), (e); 1170.12, subds. (b), (c).) It sentenced him to 25 years to life in state prison for robbery as a third striker; plus 10 years for the firearm

---

[1] Further unspecified statutory references are to the Penal Code.

enhancement; plus 10 years for two prior serious felony convictions.

Appellant contends that the firearm enhancement must be reversed because the trial court erred in answering the jury's question.  We affirm.[2]

## FACTUAL AND PROCEDURAL HISTORY

In November 2019, the manager of a Check Into Cash (a check cashing store) saw appellant standing close behind her at the counter.  He was wearing a wig and a jumpsuit.  He pointed a gun at the manager's side and told her to go to the safe.  She told him she could not open the safe because it was on a timer, but she said there was cash in the front register.

Appellant bound the manager's face, legs, and wrists with duct tape.  He told her not to "look up or go out [of the room]" or "somebody will get mad."  The manager saw him take money from the front register, later determined to be $2,122.

In a photo show-up, the manager recognized codefendant Race Flowers as a previous customer at Check Into Cash.  She stated that Flowers was not the person who pointed a gun at her and took the money.

Another witness identified Flowers in a photo show-up as one of two people she saw walking together toward Check Into Cash around the time of robbery.

---

[2] We appointed counsel at appellant's request and we respond to counsel's contention.  Appellant has filed a document with additional arguments.  We do not respond to these arguments on the merits.  Appointed counsel, not a defendant, is in "charge of the case." (*People v. Hamilton* (1989) 48 Cal.3d 1142, 1163.)  A represented defendant has "neither a constitutional nor statutory right to argue his case on appeal . . . ." (*In re Walker* (1976) 56 Cal.App.3d 225, 228.)

Cellphone tower records showed multiple text messages and phone calls between Alford's and Flowers's cellphones before, during, and after the robbery. Alford's and Flowers's phone records showed they both searched the internet for information about the robbery shortly after it occurred.

Ten days later, police officers stopped a car registered to Alford. Alford was driving and Flowers was the passenger. The police found a handgun, a wig, and a jumpsuit in the car. The manager of the Check Into Cash identified these items as similar to those used by the robber who pointed the firearm at her. A surveillance video also showed the same wig and jumpsuit.

During jury deliberations, the jury asked: "If we reach the conclusion that Mr. Alford was involved in the robbery at Check-[Into]-Cash at Morro Bay, but cannot establish that he was the person inside the store with the weapon, do[es] the charge[] of robbery still apply through aiding and abetting the robbery[?]"

The court answered the question as follows: "If you conclude that Mr. Alford was involved in the robbery at Check-[Into]-Cash at Morro Bay but cannot establish that he was the person inside the store with the weapon, you may consider whether his involvement in the robbery constitutes aiding and abetting as defined in Instructions 400 and 401."

Appellant's defense counsel objected to the response. He argued that since the prosecution did not pursue an aiding and abetting theory against appellant, the supplemental instruction would be "highly unfair" and "prejudicial" because it modified the instructions as they were previously given to the jury. Counsel stated that a "better way to do it" would be to "merely refer [the jury] to follow the instructions as it was [sic] given to them."

Over defense counsel's objection, the court answered the jury's question.

The next day, the jury found appellant guilty of robbery and the personal use of a firearm enhancement true.

## DISCUSSION

Appellant contends the trial court inadequately answered the jury's question regarding whether they could convict him if they had a doubt as to whether he was the perpetrator, rather than an aider and abettor. He contends the response was incomplete, and the court was required to instruct the jury that the firearm enhancement could only be found true if the jury found he was the perpetrator. The Attorney General contends that the issue is forfeited. We agree that the issue is forfeited.

Here, appellant's counsel did not object to the supplemental instruction on the same grounds he now raises on appeal. Rather, he only objected to the instruction on the ground that it modified a previously given instruction. (See *People v. Navarro* (2021) 12 Cal.5th 285, 343; see also *People v. Seijas* (2005) 36 Cal.4th 291, 302 ["'failure to make a timely and specific objection' on the ground asserted on appeal makes that ground not cognizable"].)

Moreover, appellant did not ask the trial court to add any language instructing the jury on the firearm enhancement. A "party who believes the court's response should be modified or clarified must make a contemporaneous request to that effect; failure to object to the trial court's wording or to request clarification results in forfeiture of the claim on appeal." (*People v. Dykes* (2009) 46 Cal.4th 731, 802.) Had appellant requested clarifying language, the trial court could have considered a modification.

Even on the merits, there was no error.  "A trial court is required to "'instruct[ ] the jury on all the general principles of law raised by the evidence which are necessary for the jury's proper understanding of the case.'"  [Citation.]  A court also has 'a general obligation to "clear up any instructional confusion expressed by the jury."'  [Citation.]  This obligation arises under section 1138, which provides that if deliberating jurors 'desire to be informed on any point of law arising in the case, . . . the information required must be given' to them in court."  [¶]  Thus, "'[w]hen a jury asks a question after retiring for deliberation, '. . . [s]ection 1138 imposes upon the court a duty to provide the jury with information the jury desires on points of law.' [Citation.]"'"  (*People v. Doane* (2021) 66 Cal.App.5th 965, 980 (*Doane*).)

"'If a supplemental instruction is given, . . . its correctness presents a question of law that we review de novo.' [Citation.]  In determining whether the trial court correctly instructed the jury, 'the question is whether there is a "reasonable likelihood" that the jury understood the charge as the defendant asserts. [Citations.]  "In addressing this question, we consider the specific language under challenge and, if necessary, the charge in its entirety.  [Citation.]  Finally, we determine whether the instruction, so understood, states the applicable law correctly."' [Citations.]"  (*Doane, supra,* 66 Cal.App.5th at pp. 980-981.)

Here, the jury asked:  "If we reach the conclusion that Mr. Alford was involved in the robbery . . . *but cannot establish that he was the person inside the store with the weapon*, do[es] the charge[] of robbery still apply through aiding and abetting the robbery[?]"  (Emphasis added.)  It is apparent from the language of the jury's question that it understood the distinction between

5

the roles of the *perpetrator with a weapon* and the aider and abettor. The only confusion the jurors expressed was whether it was permitted to find appellant guilty of the robbery under the aiding and abetting theory.

The court properly responded that under those circumstances, where the jury concluded appellant was involved but could not establish whether he was the perpetrator with a weapon, it "may consider whether his involvement in the robbery constitutes aiding and abetting." The court then provided the jury with the relevant points of law on aiding and abetting pursuant to CALCRIM Nos. 400 and 401.

Appellant contends it is possible that "the jury was unable to unanimously agree on whether appellant was the perpetrator, but agreed that he was sufficiently involved in the robbery to convict: i.e., they followed the court's supplemental instruction and convicted appellant as an aider and abettor." Because of this possibility, he contends the court was required to instruct the jury that it could only find the firearm enhancement true if it unanimously determined appellant was the perpetrator.

We conclude that additional instruction on the firearm allegation was not required. Before deliberation, the trial court instructed the jury that it must decide whether "the People have proved the additional allegation that [Alford] personally used a firearm during the commission of that crime. [¶] . . . [¶] Someone *personally uses* a firearm if he or she intentionally . . . [¶] 1. Displays the weapon in a menacing manner; [¶] 2. Hits someone with the weapon; [¶] OR [¶] 3. Fires the weapon." The trial court also instructed that the jury's verdict on "any special findings must be unanimous." (CALCRIM No. 3550.) We presume the jury understood and followed these instructions.

6

(*People v. Yeoman* (2003) 31 Cal.4th 93, 138-139.)  The jury expressed no confusion regarding the firearm allegation.  Here, the evidence showed a perpetrator personally used a firearm. There was no reasonable likelihood the jury would have found the firearm allegation true if it found appellant was only an aider and abettor.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

7

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.